# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. |
| | ) | CF0069-17 |
| v. | ) | |
| | ) | |
| ROBERT LEE KINTIN | ) | DECISION AND ORDER GRANTING |
| DOB: 09/15/2000 | ) | DEFENDANT'S MOTION |
| | ) | FOR REMOVAL TO FAMILY COURT |
| DEFENDANT. | ) | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on November 14, 2017 for a hearing on Defendant Robert Lee Kintin's ("Defendant") Motion for Removal to Family Court ("Motion"). Defendant was present and represented by Assistant Public Defender Zachary Taimanglo. The People of Guam (the "People") were represented by Assistant Attorney General Terry VanEaton. At the conclusion of oral arguments, the Court took the matter under advisement pursuant to CVR 7.1 of the Local Rules of the Superior Court of Guam. On January 16, 2018, during a further proceeding, the Court ruled from the bench **GRANTING** Defendant's Motion for Removal to Family Court. This Order further memorializes its ruling.

## Background

The People filed an Indictment on February 10, 2017 charging Defendant with Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) in violation of 9 Guam Code Annotated ("GCA") §§ 25.20(a)(3) and (b) and Burglary (as a 2nd Degree Felony) in violation of 9 GCA §§ 37.20(a) and (b). The Indictment alleges that on February 7, 2017, Defendant intentionally engaged in sexual contact with the alleged victim J.D. (the "alleged victim")

(DOB: 05/19/2001) by touching her primary genital area. Further, that Defendant committed the offense of burglary by entering and surreptitiously remaining in the alleged victim's home with intent to commit criminal sexual conduct.

Defendant filed the Motion on October 13, 2017. The People set forth its opposition in the People's Opposition to Defendant's Motion to Transfer Case to Family Court filed October 23, 2017. On November 14, 2017, the Court heard oral arguments from the parties.[1]

The parties appeared before this Court on January 16, 2018 for a further proceeding where the Court ruled from the bench granting this Motion and granting Defense Counsel's Motion to Withdraw.

## Law

Title 19 of the GCA § 5106(d) provides the relevant law for transferring the complaint or indictment to the jurisdiction of the Family Court upon "a finding based on clear and convincing evidence that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court." The Court is instructed to consider the following factors:

(1) the age of the minor;
(2) the history of the minor, including:
    (A) any previous delinquent or criminal history of the minor;
    (B) any previous abuse or neglect history of the minor; and
    (C) any mental health, physical or educational history of the minor, or a combination of these factors;
(3) the circumstances of the offense, including:
    (A) the seriousness of the offense;
    (B) whether the minor is charged through accountability;
    (C) whether there is evidence the offense was committed in an aggressive and premeditated manner;

---

[1] A Motion to Withdraw was filed by Defense Counsel on November 9, 2017, due to a conflict of interest with their representation to the victim and Defendant. Defendant waived the conflict and agreed to allow further representation until the resolution of the Motion for Removal to Family Court. *See* Minute Entry (Nov. 11, 2017) and (Nov. 7, 2017).

(D) whether there is evidence the offense caused seriously bodily harm; and

(E) whether there is evidence the minor possessed a deadly weapon;

(4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile system;

(5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;

(6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;

(7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and

(8) the adequacy of the punishment or services.

In considering these factors, the court shall give greater weight to the seriousness of the alleged offense and the minor's prior record of delinquency than to the other factors listed in this Subsection.

19 GCA § 5106(d).

## Discussion

An analysis of the factors described in 19 GCA § 5106(d) is discussed below.

### 1. Age of Defendant

Defendant was sixteen (16) years old at the time the alleged crime was committed and is thus eligible, under 19 GCA § 5106, to have his case transferred to Family Court.

### 2. History of Defendant

Defendant does not have any prior records of delinquency. Defendant also does not have any history of previous abuse or neglect or any mental health, physical or educational issues.

### 3. Circumstances of the offense

Defendant does not contest the seriousness of these allegations. Defendant, however, argues that this law was intended by the legislature to assist minors charged with serious offenses and that the law was designed only for serious offenses.

The People argue that this Motion should be denied because the circumstances of this case suggest it was "committed in an aggressive and premeditated" manner. The People

emphasize that a serious offense was committed against a Minor, the alleged victim. Defendant, on the other hand, contends that he is innocent until proven guilty and that the surrounding facts suggest that the victim also accused her brother of criminal sexual conduct in this case.

4. Advantages of treatment within the juvenile system

Defendant argues that the disposition of this case, if he is found guilty in a juvenile proceeding, is more appropriate because it will serve to punish and rehabilitate him.

5. Security of the public

"In most serious category of cases, the public sense of security and justice require an assurance that a dangerous offender, or one who has committed a serious crime cannot within a short time be released." *See* Comment on 9 GCA § 80.30. The Court also recognizes that Defendant has been on pre-trial release since March 8, 2017 and no violations have been filed by the Adult Probation Services.

6. Minor's history of services

Minor has no history of participation in services, but his filing of this Motion suggests his willingness to participate meaningfully in available services.

7. Minor's rehabilitation before expiration of juvenile court's jurisdiction

19 GCA § 5105 allows continuing jurisdiction of the Family Court until the age of eighteen (18) or twenty-one (21), depending on the circumstances. If so, the Family Court will only have jurisdiction of Defendant until September 22, 2018 or 2021.

8. Adequacy of punishment or services

Defendant would be required to register as a sex offender pursuant to 9 GCA §§ 89.01(d) and (g) (2), if found guilty as an adult. However, if adjudicated as a delinquent juvenile of the sex offense, Defendant could be required to register as a sex offender pursuant to 9 GCA

§ 89.01(2) (B).[2] Moreover, as argued by Defendant, the disposition of a juvenile delinquency case will gravely consider rehabilitative treatment and punishment for the offense.

The Court finds an overwhelming number of factors suggest that disposition of this matter under the Family Court is in the best interest of the minor. As directed by the statue, the Court gives greater weight to the seriousness of the offense and Defendant's lack of a prior delinquency record. Although the Court recognizes the seriousness of the offenses charged, the Court is not convinced that the single factor alone should preclude Defendant from having his case transferred to Family Court. Moreover, the Court also finds Defendant's lack of criminal history weighs in favor of a transfer.

## Conclusion

Based upon the court's finding of clear and convincing evidence that transferring this case to Family court would be in the Minor's best interest, the Court hereby GRANTS the Defendant's Motion for Removal to Family Court. The People shall dismiss this criminal case, and file a juvenile delinquency case within 30 days of the issuance of this Order.

**SO ORDERED** this _____ **JAN 3 0 2018** _____ *nunc pro tunc* January 16, 2018.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of: _DHHS  2) PDSC_

Date: 2/6/18  Time: 10:10 a

Deputy Clerk, Superior Court of Guam

_____
**HONORABLE MARIA T. CENZON**
**JUDGE, SUPERIOR COURT OF GUAM**

---

[2] § 89.01(2) (B) states that: "[A]djudicated delinquent as a juvenile for a sex offense, but only if the juvenile is at least fourteen (14) years of age at the time of the offense, and the sex offense adjudicated was one that is comparable to or more severe than the federal crime of "aggravated sexual abuse" (as described in either (a) and (b) of Section 2241 of Title 18 of the U.S.C.), or was an attempt or conspiracy to commit such an offense, which is noted in Title 9 GCA § 25.15, Subsections (a) (4) (i) or (ii), (a)(5), (a)(6), and (a)(7); and Title 9 GCA § 25.20 (a)(4) (i) or (ii), (a)(5), (a)(6), and (a)(7)."